UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MARCUS J. LAWRENCE, SR.**                                                                            **PLAINTIFF**

v.                                                                   **CIVIL ACTION NO. 3:16-CV-P131-JHM**

**UNITED STATES DISTRICT COURT** *et al.*                          **DEFENDANTS**

### MEMORANDUM OPINION

This is an action brought by a convicted prisoner. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT AND PROCEDURAL HISTORY

On February 29, 2016, Plaintiff filed a "COMPLAINT & AFFIDAVIT OF THE VICTIM OF MARCUS J. LAWRENCE." In the caption, he lists the seven previous actions that he has filed in this Court. He then identifies the following as Defendants in the instant action: "THE U.S. DISTRICT COURT et. al, Greg N. Stivers, et. al, Thomas B. Russell, et. al, David J. Hale et. al, Mitch McConnell et. al, 'THE CHIEF,' THE STATE OF KENTUCKY, THE COMMONWEALTH OF KENTUCKY, et. al, THE COUNTY OF WARREN, THE CITY OF BOWLING GREEN, John D. Minton et. al, Glenn Acree et al."[1] In the complaint, Plaintiff demands that "arrest warrants" be issued for the six individuals he names as Defendants, as well as eight additional state court judges, a jailer, the Kentucky Department of Corrections Commissioner, seven Commonwealth's Attorneys, former Kentucky Attorney General Jack

---

[1] The Honorable Greg N. Stivers, Thomas B. Russell, and David J. Hale are federal judges in the Western District of Kentucky. Mitch McConnell is a United Sates Senator from Kentucky. The Honorable John D. Minton is the Chief Justice of the Kentucky Supreme Court and the Honorable Glenn Acree is the Chief Judge of the Kentucky Court of Appeals.

Conway, and former Kentucky Governor Steve Beshear. He demands these individuals be arrested for:

> conspiracy to comit & cover up violent criminal assault in the first degree, multiple hate crimes, terrorist threatning, armed robbery, kidnapping, extortion, obstruction of justice, victim, witness, informant & evidence tampering, destruction & retaliation, destroying material evidence, discovery items & excessive, brutal & deadly force "video tapes," recordings, records, files, & reports as retaliation, forgery, identity theft, entrapment, bribery, blackmail, court fraud, embezzlement, solicitation, government corruption & racketeering, falsifying physical & mental health records, files & reports with perjury, libel, slander & defamation, judicial, official & professional misconduct, terrorism, medical malpractice, Judicial tyranny & treason against the United States Federal Constitution, the Federal Government, and me "one of the law abiding native American people." Objection!

He then demands that "all officers, agents, and marshals employed by the United States of America" force these Defendants to provide him with a copy "of the recorded surveillance video tape of the extremely violent criminal assault, battery, torture, attempted murder & hate crimes" that were committed against him in the Warren County Jail. Plaintiff states that "[i]t is a true fact that claiming this evidence was destroyed on total accident is 'PERJURY & BRIBERY'" and then asks "150 white jurors & 2 colored jurors was a accident also?" He further states that his imprisonment is:

> without legal merit, illegal, unlawful, armed robbery & kidnapping of my personal property, slavery, extortion, fraud, entrapment, retaliation, another hate crime & enforced with bias, racism, prejudice & discrimination and must be terminated yesterday & without delay or 'provide the tapes.' I have not and will not consent. I made this clear on Feb. 5, 2014 at 9:00 a.m. Look at the videotape of what they was doing to me with a gun. Pointing a fire arm at my head & telling me to 'shut up' during court.

Plaintiff continues: "the United States Federal Government is ignoring my truthful complaints & helping the state government to continue to terrorize me." He then states: "Since

the day of this imprisonment begun someone have been sending mental health doctors to me with 'force' and everyone of them started trying to trick, bribe & fool me into 'thinking' I have a mental illness. He states that he was medicated for four months against his consent "as retaliation to discredit my lawsuits and complaints I filed against them." Plaintiff then writes that "you judges refused to play by the rules with me because you're either racist or helping, aiding, conspiring, protecting & helping with the cover-up . . . This is exactly why IT IS ORDERED that you judges are to be arrested for conspiracy if you refuse to make arrest when the law clearly calls for it. OBJECTION!" In the conclusion of his complaint, Plaintiff writes: "MAKE ARREST OR BE ARRESTED! IT IS ORDERED, COMMANDED, AND DEMANEDED that arrest warrants are issued and served on Greg N. Stivers, Thomas B. Russell, David J. Hale, & Mitch McConnell for conspiracy & obstruction of justice. IT IS FURTHER ORDERED that a judgment is entered against every named defendant to release me from the unlawful imprisonment without exceptions . . . IT IS ALSO ORDERED that $100,00,00.00 discovery violation for spoliation of violent crime evidence is granted against every person named as defendants in every action filed in state & federal courts or provide the recorded video tapes."

  On March 1, 2016, the Clerk's Office sent Plaintiff a Notice of Deficiency advising him that his complaint was deficient because he had failed to tender summonses and pay the filing fee or file a form to proceed *in forma pauperis* along with his prison trust account statement (DN 3). In this Notice, Plaintiff was advised that he had 30 days to remedy these deficiencies.

  On March 15, 2016, Plaintiff filed a document titled "COMPLAINT FOR CRIMINAL ARREST WARRANTS" (DN 6). In this filing, Plaintiff states: "THERE ARE NO DEFICIENCES! OBJECTION! . . . [A]rrest warrants need to be issued on each defendant in this

case, not a summons. OBJECTION!" He then writes: "I don't need money or a informa pauperis CONTRACT & trust account statement to proceed and take action against my attacker . . . THE RULES OF A TITLE 42 § 1983 COMPLAINT DOES NOT APPLY TO THIS COMPLAINT FOR ARREST." He then concludes by stating that his request is "simple" and that he wants 17 people "arrested, charged, & sentenced to 20 years . . . Wherefore arrest must be made and after these arrest are made we can talk civil actions, civil remedies, recourse, redress & relief."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*,

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

In both his complaint and response to the Clerk's Office Notice of Deficiency, Plaintiff makes clear that he initiated the instant action to bring criminal charges against several individuals, including state and federal judges and a United States Senator, and to cause warrants to be issued for their arrest. In these filings, Plaintiff makes clear that is not asserting a § 1983 claim or bring any other type of civil action.

As a private citizen, Plaintiff cannot initiate criminal charges against anyone. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal

charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Because Plaintiff purports to be bringing criminal charges in this action, it must be dismissed for failure to state a claim.

## IV. CONCLUSION

For these reasons, Plaintiff's action will be dismissed by separate Order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: April 19, 2016

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.011

6